1 | Alison L. Tsao, State Bar No. 198250
    Nancy G. Berner, State Bar No. 227142
2 | CARLTON DiSANTE & FREUDENBERGER LLP
    601 Montgomery Street
3 | Suite 350
    San Francisco, California 94111
4 | Telephone: (415) 981-3233
    Facsimile: (415) 981-3246
5 | E-Mail: atsao@cdflaborlaw.com
              nberner@cdflaborlaw.com
6
    Attorneys for Defendant
7

8 | Richard K. Grosboll, State Bar No. 99729
    Chloe Quail, State Bar No. 262797
9 | NEYHART, ANDERSON, FLYNN & GROSBOLL
    369 Pine Street, Suite 800
10 | San Francisco, CA 94104
     Tel. (415) 677-9440
11 | Fax (415) 677-9445
     Email: cquail@neyhartlaw.com
12

13 | Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

(SAN JOSE DIVISION)

| | |
|---|---|
| ORANGE COUNTY ELECTRICAL INDUSTRY HEALTH AND WELFARE TRUST FUND; LOCAL UNION NO. 441 OF THE INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS; and DOUGLAS CHAPPELL, as Trustee of the above TRUST FUND, <br><br> Plaintiffs, <br> vs. <br><br> ACTION ELECTRIC CORPORATION, a California Corporation, <br><br> Defendant. | Case No. CV11-0575 EJD <br><br> Judge Edward J. Davila <br><br> **STIPULATION FOR DISMISSAL WITHOUT PREJUDICE; [PROPOSED] ORDER** <br><br> Action Filed: February 8, 2011 |

IT IS HEREBY STIPULATED AND AGREED by and among Plaintiffs ORANGE

COUNTY ELECTRICAL INDUSTRY HEALTH AND WELFARE TRUST FUND; LOCAL

UNION NO. 441 OF THE INTERNATIONAL BROTHERHOOD OF ELECTRICAL

WORKERS; and DOUGLAS CHAPPELL, as Trustee of the above TRUST FUND (the "Plaintiffs") and Defendant ACTION ELECTRIC CORPORATION ("Defendant") (collectively, the "Parties") as follows:

1. Plaintiff has brought the above-captioned action, *Orange County Electrical Industry Health and Welfare Trust Fund; Local Union No. 441 of the International Brotherhood of Electrical Workers; and Douglas Chappell, as Trustee of the above Trust Fund v. Action Electric, Inc.,* Case No. CV 11-00575 EJD (the "Action"), seeking, *inter alia*, the payment of delinquent health benefit contributions to the Plaintiffs and the recovery of interest, liquidated damages, and attorneys' fees and costs incurred in connection with this action, as well as equitable relief.

2. With the intent to avoid the costs and time of further litigation, the Parties have agreed to resolve and dismiss this action in accordance with the terms set forth in the Parties' settlement agreement ("Agreement"). This Stipulation for Dismissal Without Prejudice (the "Stipulation") effectuates one of the terms of the Agreement.

## TERMS OF STIPULATION

3. In accordance with the terms of the Parties' Agreement, the Parties stipulate and request that this Court dismiss this action without prejudice.

4. It is further stipulated and agreed that the terms of this Stipulation shall be binding on the heirs, successors, and assigns of the parties to this action.

5. The Plaintiffs agree that Defendant's complete performance of all terms and conditions of the Parties' Agreement shall discharge the Defendant's obligations and liabilities with respect to this Action and all claims made by Plaintiffs in this Action. The Plaintiffs further agree that they will not reinstitute legal proceedings against the Defendant seeking payment of any purported delinquency amount and/or outstanding contribution amount as well as

any additional attorneys' fees, liquidated damages, or interest, or any other remedy that it sought or could have sought in this lawsuit with respect to the specific allegations and claims made in the Action; provided, however, that nothing herein shall preclude the Plaintiffs from initiating legal proceedings to collect any other amounts that may become owed to the Plaintiffs subsequent to the date of this Stipulation or are discovered owed for work performed between May 2009 to June 2011 based on discrepancies found in the course of the audit conducted in August 2011.

6. Upon Defendant's completion of its obligations by the Agreement, the Parties shall file a Stipulation for Dismissal with Prejudice of the Action.

7. The parties acknowledge that they have each had the opportunity to be represented by independent counsel of their own choice throughout all of the negotiations that preceded the execution of this Stipulation.  Plaintiffs and Defendant further acknowledge that they have had adequate opportunity to perform whatever investigation or inquiry each deemed necessary in connection with the subject matter of this Stipulation prior to its execution and agree with the delivery and acceptance of the consideration specified in this Stipulation.

8. This Stipulation may be executed in counterparts, which taken together shall constitute the Stipulation and be binding upon and effective as to all parties hereto.

9. The Parties hereto mutually state that they have read the foregoing Stipulation and are fully aware of its contents and legal facts. This Stipulation is entered into on the dates below as indicated.

10. Except as specifically set forth herein, each party shall bear its own costs and attorney's fees.

11. All Notices with respect to this Stipulation shall be sent to the Parties' respective counsel of record in this Action – Alison Tsao for Defendant and Chloe Quail for Plaintiffs.  Notice to

such counsel by email, fax, hand delivery or overnight express mail shall constitute adequate notice under this Stipulation.

Dated: September 15, 2011          Respectfully submitted,

NEYHART, ANDERSON, FLYNN & GROSBOLL


By: /S/ Chloe Quail
   Chloe Quail
Attorneys for Plaintiffs
IBEW Local 441 Health and Welfare and Pension Trust Funds

Dated: September 15, 2011          CARLTON DiSANTE & FREUDENBERGER LLP


By: /S/ Nancy G. Berner
   Nancy G. Berner
Attorneys for Defendant
ACTION ELECTRIC CORPORATION


[~~PROPOSED~~] ORDER

The above-stated Stipulation is incorporated herein in its entirety and made an order of this Court. This action is hereby dismissed without prejudice.

Dated: September 19, 2011

_____
UNITED STATES DISTRICT JUDGE
EDWARD J. DAVILA

4

Case No. CV11-0575 EJD
Stipulation for Dismissal; Proposed Order

437393.2